# United States Court of Appeals

## For the First Circuit

Nos. 08-1437, 08-2189

EFRAÍN GONZÁLEZ-DROZ, ET AL.

Plaintiffs, Appellants,

v.

LUIS R. GONZÁLEZ-COLON, ET AL.,

Defendants, Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Lynch, Chief Judge,
Leval* and Lipez, Circuit Judges.

Roberto Ariel Fernández, with whom Juan R. González Muñoz was
on brief, for appellants.
Leticia Casalduc-Rabell, Solicitor General of the Commonwealth
of Puerto Rico, with whom Maite D. Oronoz-Rodríguez, Acting
Solicitor General, and Ileana Oliver Falero, Acting Deputy
Solicitor General, were on brief, for appellees.
Peter A. Gaido, with whom Gaido & Fintzen was on brief, for
amicus American Academy of Cosmetic Surgery.

July 23, 2009

_____

* Of the United States Court of Appeals for the Second
Circuit, sitting by designation.

**LIPEZ, Circuit Judge**. We consider in this appeal the denials of two requests for preliminary injunctive relief. Appellant Dr. Efraín González-Droz sued the Puerto Rico Medical Examining Board ("the Board"), the entity responsible for overseeing the practice of medicine in the Commonwealth, in the District Court of Puerto Rico. The suit challenged, on constitutional grounds, a Board regulation restricting the practice of cosmetic surgery to a small group of specialists. Later, Dr. González-Droz amended that lawsuit to challenge the Board proceedings that led to the suspension of his medical license. His challenge to that suspension prompted two requests for preliminary injunctive relief, which were denied. The appeals from these denials were consolidated here.

After careful review of the record, we dismiss the first appeal as moot, and affirm the denial of appellant's second request for injunctive relief because he failed to make the required showing of irreparable harm.

I.

**A. The Challenged Regulation**

The Board of Medical Examiners of Puerto Rico is responsible for issuing licenses to practice medicine in the Commonwealth. See P.R. Laws Ann. tit. 20, § 34. The Board is also empowered to "deny, suspend, cancel or revoke any license and to issue an order fixing a probationary period for a doctor for a

-2-

specific term."  Id. at § 34.  On October 19, 2005, the Board issued a Public Notice ("the Notice"), effective immediately, announcing and implementing new regulations on the practice of medicine in Puerto Rico.  Among other things, the Notice limited the practice of cosmetic surgery[1] in Puerto Rico to physicians who had been board-certified by the American Board of Plastic Surgery[2] or the American Board of Dermatology.

## B. The Complaint

Dr. González-Droz[3] began practicing medicine in Puerto Rico in 1995, upon completing his medical residency in obstetrics and gynecology.  While he originally practiced as an OB/GYN, he soon began taking continuing medical education courses in cosmetic surgery, and performing cosmetic surgery procedures.  Over time,

---

[1] Amicus curiae American Academy of Cosmetic Surgery describes cosmetic surgery as "a medical specialty exclusively dedicated to the enhancement of appearance toward some aesthetic ideal through surgical and medical techniques directed at all areas of the head, neck, and body."

[2] Plastic surgery is dedicated to the "repair, reconstruction, or replacement of physical defects of form or function involving the skin, musculoskeletal system, craniomaxillofacial structures, hand, extremities, breast and trunk, external genitalia or cosmetic enhancement of these areas of the body."  The American Board of Plastic Surgery, Inc., Description of Plastic Surgery, https://abplsurg.org/ModDefault.aspx?section=AboutDPS (last visited June 29, 2009).

[3] Dr. González-Droz's wife and their conjugal partnership were also plaintiffs in the suit.  For convenience, and because the derivative claims are not at issue here, we refer to Dr. González-Droz as the sole "plaintiff" or "appellant."

cosmetic surgery supplanted obstetrics and gynecology as the primary focus of his practice.

Because Dr. González-Droz had never obtained board-certification in plastic surgery or dermatology, the Board's October 2005 Notice rendered the majority of his medical practice illegal. After the Notice was issued, Puerto Rico's Insurance Syndicate for Medical Malpractice ("SIMED") which had been providing insurance coverage for claims arising from Dr. González-Droz's cosmetic surgery practice, informed him that it would no longer do so. On December 16, 2006, Dr. González-Droz moved to California and began the process of establishing a cosmetic medicine practice there.

On December 18, 2006, Dr. González-Droz filed a complaint in federal district court in Puerto Rico, alleging primarily that the Board's restrictions on the practice of cosmetic surgery abridged his constitutional right to pursue his occupation and were passed in a manner that did not allow him a fair opportunity to be heard, all in violation of the Due Process and Equal Protection clauses of the Fifth and Fourteenth Amendments. The complaint also alleged that the restriction constituted an unlawful restraint of trade in violation of federal antitrust laws. See 15 U.S.C. §§ 1 & 3. Dr. González-Droz stated that, as a result of the Board's actions and in order to continue his practice of cosmetic surgery, he and his family had been forced to relocate from Puerto Rico to

-4-

California, where he would need to expend significant time and resources to rebuild his medical practice. He sought, inter alia, 1) a declaration that the policy set forth in the Notice was unconstitutional; 2) an injunction directing defendants to allow him to resume his practice of cosmetic surgery; 3) compensatory and punitive damages and attorneys' fees.

## C. The Suspension of Dr. González-Droz's License

At the time appellant filed his complaint on December 18, 2006, he did not know that the Board had unanimously voted to summarily suspend his medical license at a meeting on December 12, 2006. In fact, the Board did not make this decision public until a Resolution was approved on April 17, 2007 (the "Resolution"). The Resolution included a finding that appellant was not certified as a plastic surgeon and that his practice of cosmetic procedures constituted the illegal practice of medicine, as well as several findings of fact that called into question the quality of care that Dr. González-Droz provided his patients. "Pursuant to [those] factual determinations as well as the legal conclusions," the Resolution summarily suspended appellant's medical license temporarily, effective from the date of its delivery, and stated that the Board would consider a more permanent suspension at a future hearing.

The pleadings suggest that Dr. González-Droz did not actually receive a copy of the Resolution until May 2, 2007, when

he was served in-hand upon a return visit to Puerto Rico. Although the Board scheduled a hearing for May 15, 2007, counsel for Dr. González-Droz wrote a letter to the Board's attorneys, objecting to the form and timing of the notice and stating that Dr. González-Droz would not be attending the hearing.

## D. The First Motion for Injunctive Relief

On May 11, Dr. González-Droz filed his first motion for a preliminary injunction. He asked the court to "enjoin[] defendants from holding a hearing on May 15, 2007, or any other date and order[] defendants to reinstate [his] medical license." The district court did not immediately rule on this motion, and the Board conducted a hearing in absentia on May 15, 2007, as scheduled.[4] While waiting for the district court's decision on his preliminary injunction request, Dr. González-Droz filed an Amended Complaint in which he repeated his previous constitutional challenges to the Notice and added allegations that the summary suspension of his license violated his procedural Due Process rights.

After a hearing, the district court denied appellant's first motion for a preliminary injunction on February 7, 2008. The court concluded that because Dr. González-Droz had failed to argue that a denial of his request for a preliminary injunction would

---

[4] The Board did not actually issue its final ruling on this matter until April 2008.

cause irreparable injury, he had failed to establish one of the required elements for relief. The court also summarily stated that Dr. González-Droz was unlikely to succeed on the merits of his substantive due process challenge to the Notice, as it was "clear[]" that the "Board has the power to regulate who can practice cosmetic medicine, and that it did so." A timely appeal followed.

## E. The Second Motion for Injunctive Relief

On April 4, 2008, while that appeal was pending in this court, the Board issued its final decision to suspend Dr. González-Droz's medical license for five years and impose a $5,000 fine. On June 10, 2008, Dr. González-Droz filed a second motion for a preliminary injunction asking the court to order the Board to vacate that order, or at least to delay its effects pending his appeal to this court from the denial of his first request for a preliminary injunction. Although the Board did not oppose appellant's motion, the district court denied it on August 18, 2008, concluding that Dr. González-Droz had not established that the denial of the preliminary injunction would cause him irreparable harm. In explaining this ruling, the court emphasized that Dr. González-Droz had already established a new practice in California. The court did not comment on appellant's likelihood of success on the merits of his challenge to the Notice restricting

the practice of cosmetic surgery to board-certified plastic surgeons and dermatologists.

## II.

We review the denial of a motion for preliminary injunctive relief for abuse of discretion, Wine and Spirits Retailers, Inc. v. Rhode Island, 418 F.3d 36, 46 (1st Cir. 2005), and we will "reverse [the] denial only if the district court mistook the law, clearly erred in its factual assessments, or otherwise abused its discretion." McClure v. Galvin, 386 F.3d 36, 41 (1st Cir. 2004) (internal quotation marks and citation omitted).

In considering a motion for a preliminary injunction, a district court must consider: "(1) the plaintiff's likelihood of success on the merits; (2) the potential for irreparable harm in the absence of an injunction; (3) whether issuing an injunction will burden the defendants less than denying an injunction would burden the plaintiffs; and (4) the effect, if any, on the public interest." Boston Duck Tours, LP v. Super Duck Tours, LLC, 531 F.3d 1, 11 (1st Cir. 2008) (quotation marks and citations omitted). The first two factors are the most important and, in most cases, "irreparable harm constitutes a necessary threshold showing for an award of preliminary injunctive relief." Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004). "To demonstrate the prospect of future harm, . . . a plaintiff must show more than that she has been injured . . . ." Steir v. Girl

<u>Scouts of the USA</u>, 383 F.3d 7, 16 (1st Cir. 2004). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." <u>Id.</u> (quotation marks and citations omitted). Finally, "[t]he burden of demonstrating that a denial of interim relief is likely to cause irreparable harm rests squarely upon the movant." <u>Charlesbank Equity Fund II</u>, 370 F.3d at 162.

## A. The First Denial of Injunctive Relief

The appeal from the district court's denial of the first request for a preliminary injunction is moot. The only explicit request for preliminary injunctive relief in appellant's first motion asked the court to "enjoin[] defendants from holding a hearing on May 15, 2007 or any other date, and order[] defendants to reinstate [his] medical license." It has now been two years since the Board held the hearing that Dr. González-Droz sought to prevent. Additionally, the summary suspension underlying his request that the court reinstate his medical license has been replaced with the final, five-year suspension that he challenges in his second appeal. Accordingly, there is no live controversy to adjudicate with respect to his first request for injunctive relief, and we therefore dismiss that appeal (No. 08-1437) as moot. <u>See</u>, e.g., <u>Guillemard-Ginorio</u> v. <u>Contreras Gomez</u>, 161 F. App'x 24, 26-27 (1st Cir. 2005) (per curiam) (dismissing as moot appeal from the

-9-

entry of a preliminary injunction restraining Puerto Rico insurance commissioner from revoking plaintiffs' license pending the completion of a hearing because the hearing had already been held by the time of oral argument).[56]

## B. The Second Denial of Injunctive Relief

The district court based its denial of the second motion for injunctive relief on its conclusion that Dr. González-Droz failed to make the requisite showing of irreparable injury. We agree.

Asserting in his second motion that he had moved to California because of the Notice, appellant attached to his motion an "Unsworn Statement Under Penalty of Perjury." In it, he described the considerable expenses and efforts he had taken to rebuild his cosmetic medicine practice there. He stated that he had lost income as a result of this move and that he had been

---

[5] We stated in <u>Guillemard-Ginorio</u>:

Contreras's challenge to the preliminary injunction stumbles over a fundamental issue-the existence of a live controversy. . . . Both sides agreed that the hearing had been held two months before argument, that the sanction had been reduced to a six-month suspension and a $200,000 fine, and that Lone Star plaintiffs had appealed the decision in the Puerto Rico court system. As the preliminary injunction's function was purely to prevent the revocation of . . . plaintiffs' license pending the administrative hearing and decision, the appeal therefore is moot.

161 F. App'x at 26-27.

harmed by "the temporary inability to pursue a profession that requires its constant practice." He also made his only explicit argument on the record about irreparable injury:

> Because of its particular nature, medicine is a profession that requires the physician to constantly and continuously engage in its active practice. Otherwise, the physician would see her skills diminish due to inactivity. In the past 18 months, plaintiff González Droz has approved 150 credits of continuing medical education. That has helped him keep his mind busy and should help him in the continuing development of his career, but does not and could not compensate for his professional inactivity during those 18 months.
>     That inactivity is only part of the irreparable harm suffered by plaintiffs at the expense of defendants and of their arbitrary and unconscionable actions. Besides, as the Supreme Court has held, "[n]o later hearing and no damage award can undo the fact that the arbitrary taking that was subject to the right of procedural due process has already occurred." Fuentes v. Shevin, 407 U.S. 67, 82 (1972).

This argument is unpersuasive. First, all of the facts appellant marshals in an effort to demonstrate irreparable harm related to harm the plaintiff had already suffered, rather than to harm he would suffer if the preliminary injunction were not granted. When he filed the second motion for a preliminary injunction, he had already expended a substantial amount of time and resources in relocating his practice as a result of the Board's actions. These expenses, as well as the period of professional inactivity that he describes, were already behind him at the time

of the district court's second injunction ruling.  The motion thus rests on an assertion that he had been "injured by an unlawful practice" or that he had suffered "[p]ast exposure to illegal conduct."  Steir, 383 F.3d at 16.  If he succeeds on the merits, appellant may be entitled to compensation for these past harms.[6]  But he did not "demonstrate the prospect of future harm, the essential prerequisite for equitable relief."  Id.[7]

Moreover, by the time he submitted his second motion, Dr. González-Droz could only have been harmed in the future if he returned to Puerto Rico and was unable to practice medicine.  But the plaintiff asserted that he had moved to California and he made no showing (or even allegation) that he would have resumed the practice of medicine in Puerto Rico if his medical license were restored.  He did not allege any ongoing detriment to his practice in California from the Board's decision in Puerto Rico.  Nor did he assert that the suspension of his license inflicted a serious

---

[6] This assumes, of course, that the Eleventh Amendment does not preclude such damages.  Because of our disposition of these appeals, and because neither party raises this immunity issue, we need not reach it.

[7] Appellant's reliance on Fuentes is inapposite.  If indeed appellant is correct and the administrative proceedings against him were deficient under Fuentes, he may well be able to establish his entitlement to damages.  But the failure to afford him the procedural protection to which he may have been constitutionally entitled does not establish irreparable harm.  Indeed, we have stated specifically that "[t]he alleged denial of procedural due process, without more, does not automatically trigger" a finding of irreparable harm.  Pub. Serv. Co. v. Town of W. Newbury, 835 F.2d 380, 382 (1st Cir. 1987).

continuing reputational injury, notwithstanding the relocation of his practice to another jurisdiction. See, e.g., Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 20 (1st Cir. 1996). Therefore, we do not consider harm to his reputation in making our irreparable harm determination.

### III.

Our decision will allow this litigation to proceed to a trial on the merits, where Dr. González-Droz can pursue his challenges to the administrative suspension of his license and to the Notice issued by the Board restricting the practice of cosmetic surgery to board-certified plastic surgeons and dermatologists. Our decision to deny Dr. González-Droz's appeal from the denial of his requests for preliminary injunctions does not intimate in any way approval of the Notice that he challenges. The district court's observation as to the merits, that the "Board has the power to regulate who can practice cosmetic medicine and . . . did so," in no way addressed the plaintiff's central allegation that, in exercising its undisputed power to regulate, the Board acted irrationally and arbitrarily, and therefore unconstitutionally. The merits of the challenge will require careful consideration in the future proceedings.

The appeal in No. 08-1437 is hereby dismissed as moot. In No. 08-2189, we affirm the judgment of the district court denying the request for a preliminary injunction.

**So ordered.**

-13-