# United States Court of Appeals
## For the First Circuit

No. 10-2304

NATIONAL ORGANIZATION FOR MARRIAGE,

Plaintiff, Appellant,

v.

JOHN DALUZ, in his official capacity as chairman of the Rhode
Island Board of Elections, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before

Torruella, Boudin, and Lipez, Circuit Judges.

James Bopp, Jr., with whom Randy Elf, Jeffrey P. Gallant,
Austin J. Hepworth, James Madison Center for Free Speech, Stephen
A. Izzi, and Moses & Afonso, Ltd. were on brief, for appellant.
Rebecca Tedford Partington, Assistant Attorney General, with
whom Peter F. Kilmartin, Attorney General, was on brief, for
appellee.
Catherine R. Connors, Matthew D. Manahan, Michael J. Daly,
Pierce Atwood LLP, Thomas R. Bender, and Hanson Curran LLP on brief
for Gay & Lesbian Advocates & Defenders and Common Cause Rhode
Island, amici curiae.

August 11, 2011

**LIPEZ**, **Circuit Judge**. Appellant National Organization for Marriage ("NOM") appeals the denial of a preliminary injunction in its challenge to the constitutionality of a Rhode Island election law requiring the reporting of so-called "independent expenditures." NOM argues that Rhode Island's reporting requirement is both overbroad under the First Amendment and so vague in its terms as to violate due process. The district court, noting the minimal burden imposed by the law and the valuable governmental interest underlying it, concluded that NOM had failed to show a likelihood of success on the merits of its challenge. After careful review, we find no abuse of discretion in the district court's denial of preliminary relief. We therefore affirm.

Our opinion in this appeal accompanies an opinion resolving a separate set of challenges to provisions of Maine's election laws, including an independent expenditure reporting requirement similar to Rhode Island's. See Nat'l Org. for Marriage v. McKee, Nos. 10-2000 & 10-2049 (1st Cir. 2011). The vagueness and overbreadth arguments NOM presses here are substantially the same as those addressed in our companion opinion. We therefore rely heavily here on our more thorough discussion in the Maine opinion.

In September 2010, NOM filed a verified complaint in the District Court for the District of Rhode Island challenging the constitutionality of several aspects of Rhode Island's Campaign Contributions and Expenditures Reporting Act, R.I. Gen. Laws § 17-25-1 et seq., on vagueness and First Amendment overbreadth grounds.[1] Specifically, NOM's complaint targeted provisions of the state's election laws governing (1) registration of political action committees ("PACs"), id. § 17-25-3(10); (2) contributions to and expenditures on behalf of candidates, id. § 17-25-10.1(h)(1), (j); and (3) reporting of independent expenditures, id. § 17-25-10. The complaint alleged that NOM sought, in the lead-up to the 2010 elections as well as in future election cycles, to "engage in multiple forms of speech in Rhode Island, including radio ads, television ads, direct mail, and publicly accessible internet postings" that would "clearly identify candidates for state or local office in Rhode Island." The complaint further alleged that NOM would refrain from engaging in such activities if it had to register as a PAC to do so. If no PAC registration were required, however, NOM would proceed with its activities and "comply with the independent expenditure reporting requirements under protest."

---

[1] This initial complaint was dismissed by the district court under Federal Rule of Civil Procedure 8 on the ground that the "pertinent factual allegations in the complaint [were] buried" amidst "conclusory and argumentative passages." NOM filed an amended complaint in October.

NOM's motion for a preliminary injunction came before the district court for a hearing on October 21, 2010.  At the hearing, in light of prior assurances from the defendants that NOM could engage in its intended speech without registering as a PAC,[2] the district court narrowed the issues to NOM's challenge to the independent expenditure reporting provision.  Finding that the reporting requirement was not "terribly burdensome" and served an important public interest of informing voters "as to the origins of . . . speech," the district court held that NOM had not met its burden of demonstrating a likelihood of success on the merits.  The court therefore denied NOM's motion for a preliminary injunction.

## II.

On interlocutory appeal from the district court's denial of its motion for preliminary relief, NOM argues that the court erred as a matter of law in concluding that NOM had not demonstrated a likelihood of success on the merits of its challenge to Rhode Island's independent expenditure statute.  We review the denial of a preliminary injunction under a deferential standard, reversing only upon finding a mistake of law, a clear error in fact-finding, or other abuse of discretion, <u>González-Droz</u> v.

---

[2] Prior to filing suit, NOM sought an advisory opinion from the Rhode Island Board of Elections as to whether it would be required to form a PAC to engage in its speech.  The Board issued an opinion indicating that NOM could proceed with its speech without forming a PAC, and the defendants reiterated this point in responding to NOM's motion for preliminary relief.

González-Colon, 573 F.3d 75, 79 (1st Cir. 2009). In ruling on a motion for preliminary relief, a district court must consider several factors, among which likelihood of success carries particular weight.[3] Id.

NOM offers two lines of argument challenging the constitutionality of the independent expenditure provision, the first based on First Amendment overbreadth grounds and the second on due process vagueness grounds. After examination of each of these, we find no abuse of discretion in the district court's holding that NOM failed to show a likelihood of success.

## A. First Amendment Challenges

Campaign finance disclosure laws challenged on First Amendment grounds are subject to "exacting scrutiny," "which requires a 'substantial relation' between the disclosure requirement and a 'sufficiently important' governmental interest." Citizens United v. FEC, 130 S. Ct. 876, 914 (2010) (quoting Buckley v. Valeo, 424 U.S. 1, 64, 66 (1976)). As the district court correctly concluded, Rhode Island's independent expenditure law requires only disclosure, and, as a disclosure law, is adequately

---

[3] The other factors a district court must consider are "the potential for irreparable harm in the absence of an injunction," "whether issuing an injunction will burden the defendants less than denying an injunction would burden the plaintiffs," and "the effect, if any, on the public interest." Bos. Duck Tours, LP v. Super Duck Tours, LLC, 531 F.3d 1, 11 (1st Cir. 2008) (internal quotation marks omitted).

supported by a governmental interest in providing information to the electorate.

In pertinent part, Rhode Island's independent expenditure provision provides that any person "not acting in concert with any other person or group" who makes expenditures aggregating over $100 in a given calendar year "to support or defeat a candidate" must file a report within seven days with (1) the Rhode Island Board of Elections (the "Board") and (2) the treasurer of the candidate "on whose behalf the expenditure . . . was made." R.I. Gen. Laws § 17-25-10(b). The report, which is filed on a one-page form provided by the Board, simply requires disclosure of the name and contact information of the person making the expenditure, identification of the candidate or candidates the expenditures were made to support or defeat, and the date, amount, recipient, and purpose of each expenditure. The individual submitting the report must also certify that the expenditures were not made in concert with any other person or group.

These disclosure requirements are substantially the same as those imposed by Maine's independent expenditure provision, which we uphold today in our companion opinion. As with Maine's law, the disclosures required by the provision here impose no great burden on the exercise of election-related speech. All that is required is the completion of a one-page form, which can be filled out and submitted to the Board online. This relatively small

imposition serves the recognizedly important government interest in "provid[ing] the electorate with information as to where political campaign money comes from and how it is spent." Buckley, 424 U.S. at 66 (internal quotation marks omitted).

NOM nonetheless argues that the district court erred on several grounds in finding insufficient likelihood of success on the merits to warrant preliminary relief. First, NOM contends that Rhode Island's independent expenditure law is unconstitutionally overbroad because it extends beyond regulation of express advocacy. As we explain in our companion opinion, the Supreme Court has explicitly rejected the contention that disclosure laws must be limited to regulation of express advocacy, Citizens United, 130 S. Ct. at 915, and thus this argument finds no support.

Second, NOM argues that Rhode Island lacks a sufficiently important interest to support the $100 threshold at which the independent expenditure reporting requirement applies, and therefore the law fails exacting scrutiny. We reject an identical argument with respect to Maine's $100 independent expenditure reporting threshold in our companion opinion. As we note in that case, this sort of monetary threshold for a disclosure law is not subject to exacting scrutiny, but instead will be upheld unless it is "'wholly without rationality.'" Vote Choice, Inc. v. DiStefano, 4 F.3d 26, 32 (1st Cir. 1993) (quoting Buckley, 424 U.S. at 83). We cannot say that the $100 threshold fails that standard.

Third, NOM challenges the requirement that independent expenditure reports be provided to the candidate "on whose behalf" the expenditure is made,[4] R.I. Gen. Laws § 17-25-10(b), contending that this aspect of the law bears no relation to the government's interest in the disclosure of information.[5] We disagree. To be sure, the report-to-candidate requirement is not as closely related to the government's informational interest as the report-to-Board requirement. However, prompt notification to a candidate of the expenditure of money on her behalf indirectly serves the informational interest by permitting a candidate to distance herself from individuals or organizations whose views she does not share. As Buckley observed, "[t]he sources of a candidate's financial support . . . alert the voter to the interests to which a candidate is most likely to be responsive," 424 U.S. at 67, and

---

[4] As we explain below, see infra Part II.B, the statutory context makes plain that this language requires that a report be provided to the candidate who stands to benefit from the independent expenditure.

[5] NOM relies for this argument on the Tenth Circuit's decision in Citizens for Responsible Government State Political Action Committee v. Davidson, 236 F.3d 1174, 1196-98 (10th Cir. 2000), which held unconstitutional portions of a Colorado independent expenditure reporting provision. Davidson provides little support for NOM's argument. Not only did the court there incorrectly subject the disclosure requirement to strict rather than exacting scrutiny, but the requirement under review also imposed a far greater burden than does Rhode Island's provision. Colorado's law required submittal of a report to every candidate in a race, not just the candidate on whose behalf the expenditure was made, and specified that reports be submitted within twenty-four hours of an independent expenditure (versus seven days under Rhode Island's statute).

thus the imperative for accurate information about electoral candidates is well served by facilitating candidate response to support from parties unaffiliated with the candidate's campaign. The report-to-candidate requirement also contributes to the proper functioning of Rhode Island's regulatory regime, as candidates are required to report all expenditures on their behalf to the Board. R.I. Gen. Laws § 17-25-10(b); cf. Buckley, 424 U.S. at 67-68 (noting the collection of data for purposes of enforcing a regulatory regime to be an important government interest supporting disclosure).[6]

In sum, NOM identifies no error of law or clear error of fact-finding in the district court's holding that NOM did not satisfy its burden of showing a likelihood of success on the First Amendment challenge. Absent such error or other indicia of abuse of discretion, NOM's arguments fail.

## B. Vagueness Challenges

In denying preliminary relief, the district court did not expressly address NOM's arguments that portions of Rhode Island's independent expenditure provision are unconstitutionally vague.

---

[6] NOM notes that candidates could simply obtain the reported information from the Board, as the independent expenditure reports are publicly available. While that may be so, the incremental burden involved here is negligible -- the person making an independent expenditure does not need to prepare a separate or different report, but merely must send to the candidate a second copy of a report already prepared for the Board -- and we see some benefit in direct and prompt notification to the candidates of expenditures on their behalf.

Regardless, as we briefly explain, NOM's vagueness contentions are without merit.[7]

NOM argues that two specific instances of language in the independent expenditure provision raise vagueness problems: the word "support," in the phrase "to support or defeat a candidate," and the phrase "on whose behalf."  R.I. Gen. Laws § 17-25-10(b).  As we explain in our companion opinion, "a statute is unconstitutionally vague only if it 'prohibits . . . an act in terms so uncertain that persons of average intelligence would have no choice but to guess at its meaning and modes of application.'"  United States v. Councilman, 418 F.3d 67, 84 (1st Cir. 2005) (en banc) (quoting United States v. Hussein, 351 F.3d 9, 14 (1st Cir. 2003)).  Measured against this standard, neither phrase challenged by NOM offends due process.

---

[7] We note that two of the vagueness arguments NOM makes before this court were never presented to the district court, and thus cannot be pressed on appeal. See Banco Bilbao Vizcaya Argentaria v. Wiscovitch-Rentas (In re Net-Velázquez), 625 F.3d 34, 40 (1st Cir. 2010).  These arguments both focus on a regulation interpreting the independent expenditure statute.  The regulation defines the phrase "expressly advocating" to include communications or words "which [i]n context can have no other meaning than to urge the election or defeat of one or more clearly identified candidates."  23-1 R.I. Code R. § 25:2(6).  NOM argues that this definition is unconstitutionally vague due to its use of a purportedly proscribed "appeal-to-vote test" and because it allows reference to context in determining whether a communication qualifies as express advocacy. NOM may be able to raise these issues before the district court -- though we note that we reject substantially identical arguments in the companion case -- but we will not consider them in this appeal.

Rhode Island's independent expenditure statute requires the reporting of expenditures aggregating over $100, made independently of a candidate, "to support or defeat a candidate." R.I. Gen. Laws § 17-25-10(b). In this context, the word "support" "clearly set[s] forth the confines within which potential . . . speakers must act in order to avoid triggering the provision." McConnell v. FEC, 540 U.S. 93, 170 n.64 (2003), overruled on other grounds by Citizens United, 130 S. Ct. 876. Both we (in our companion opinion) and the Supreme Court have held, in very similar statutory settings, that the word "support" is sufficiently clear. See id. Particularly when paired with the word "defeat," "support" "'provide[s] explicit standards for those who apply them' and 'give[s] the person of ordinary intelligence a reasonable opportunity to know what is prohibited." Id. (quoting Grayned v. City of Rockford, 408 U.S. 104, 108-09 (1972)).[8]

Nor do we find "on whose behalf" lacking clarity. The provision requires that reports of independent expenditures be submitted to the Board and "to the campaign treasurer of the

---

[8] Though we find "support" to be clear on its face, we note as well that the Board has promulgated regulations further narrowing and sharpening the text. Those regulations provide that the reporting requirement is triggered when an expenditure is made "expressly advocating the support or defeat of a candidate," 23-1 R.I. Code R. § 25:3, and define "expressly advocating" to include "communications of slogans or individual words which [i]n context can have no other reasonable meaning than to urge the election or defeat of one or more clearly identified candidates," id. § 25:2(6).

candidate . . . on whose behalf the expenditure . . . was made." R.I. Gen. Laws § 17-25-10(b). The legislature's failure to expressly define the phrase "on whose behalf" does not, as NOM suggests, render the phrase vague. As we have noted, "[t]he mere fact that a regulation requires interpretation does not make it vague." Ridley v. Mass. Bay Transp. Auth., 390 F.3d 65, 93 (1st Cir. 2004); see also Ward v. Rock Against Racism, 491 U.S. 781, 794 (1989) ("[P]erfect clarity and precise guidance have never been required even of regulations that restrict expressive activity."). In the context of the statute, which requires reporting of expenditures "to support or defeat a candidate," the meaning of this phrase is plain: a report must be submitted to the candidate who stands to benefit from the independent expenditure's advocacy.

Because NOM's vagueness arguments are without merit, the district court did not abuse its discretion in denying preliminary relief without explicitly reaching the question of vagueness.

**III.**

For the reasons set forth above, we affirm the district court's order denying NOM's motion for a preliminary injunction.

So ordered.